UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES HENDRICK                                          CIVIL ACTION

VERSUS

PROGRESSIVE PROPERTY                          NO. 21-00731-BAJ-RLB
INSURANCE COMPANY

## RULING AND ORDER

Before the Court are **Defendant's Motion to Alter or Amend Judgment under Rule 59(e), or in the Alternative, for Relief under Rule 60 on the Issue of Ruling and Order (Doc. 71) Concerning Plaintiff's Motion to Exclude Testimony of John Crawford and Ed Gardiner (Doc. 73)** and the Parties' **Joint Supplemental Motion to Alter or Amend Judgments (Doc. 97)**.

In the Motions, the Parties ask the Court to vacate its orders excluding the testimony of Defendant's expert witnesses John Crawford and Ed Gardiner from trial or, alternatively, to amend the Court's orders excluding both Parties' expert witnesses and expert reports. (*See* Doc. 76-1 at p. 4; Doc. 97 at pp. 1–2). As discussed below, the Defendant's Motion will be denied, but the Parties' Joint Motion will be granted.

## I.   PROCEDURAL HISTORY

On August 29, 2022, the Court granted a motion by Plaintiff to continue the trial date and several trial-related deadlines. (*See* Doc. 24). The date of January 6, 2023 was set as the new deadline to file dispositive and *Daubert* motions. (*See id.* at p. 5). On that date, Plaintiff filed motions to exclude the reports and testimony of Defendant's expert witnesses John Crawford and Ed Gardiner. (*See* Docs. 58, 59).

Defendant also filed several motions challenging Plaintiff's expert witnesses and expert reports. (*See* Docs. 45, 47, 49, 56). Pursuant to Federal Rules of Civil Procedure ("Rules") and Local Rule 7(f), oppositions to these motions were due 21 days after they were served. However, three months passed with no opposition filed by either Party.

On April 11, 2023, Plaintiff, perhaps realizing for the first time that Local Rule 7(f) requires any party opposing a motion to file a response reflecting the same, filed, without leave of Court, an untimely opposition to *one* of Defendant's *Daubert* motions. (*See* Doc. 65). All other *Daubert* motions filed by Plaintiff and Defendant remained unopposed.

On April 19, 2023, the Court entered orders granting the unopposed motions *only*. (*See* Docs. 68, 69, 70, 71, 73).[1] In the middle of the orders being published to the Court's docket management system, Defendant contacted the Court's chambers and "informed a judicial clerk that an opposition was being filed immediately for the Court's consideration." (*See* Doc. 76-1 at p. 2). However, by that time, the Court had already ruled on the motions. Plaintiff and Defendant nonetheless filed, without leave of Court, untimely oppositions to the already ruled on *Daubert* motions.

Later that day, Defendant filed its Motion to Amend the Court's orders excluding John Crawford's and Ed Gardiner's testimonies and described its failure to file oppositions to Plaintiff's *Daubert* motions as "a simple mistake[ ] overlooking a

---

[1] Although Plaintiff's opposition to Defendant's *Daubert* motion challenging Charles Norman was filed three months late and without leave of Court, Plaintiff at least filed his opposition before the Court entered its ruling on the motion. Consequently, unlike the unopposed *Daubert* motions, the Court set this motion for a hearing. (*See* Doc. 67).

local rule of the Court." (*See* Doc. 76-1 at p. 4).

On May 19, 2023, the Parties filed their Joint Supplemental Motion to Amend the Court's orders excluding Defendant's experts John Crawford and Ed Gardiner, Plaintiff's experts Henry Labrie and Susan Lewis, and Plaintiff's expert reports prepared by employees of Musso Plumbing and Ducote Consulting. (Doc. 97). In their Motion, the Parties write, "to the extent that the Court is not inclined to vacate its prior orders, the Parties request that the Court use its broad discretion to amend each order to make a more specific statement of [the] procedural-only basis for the exclusion of each witness." (*See* Doc. 97 at p. 2).

## II.  LEGAL STANDARD

Rule 59(e) provides that "a motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Rule 60, however, permits parties to seek relief from a judgment *or* order. Because the Parties request relief from the Court's *orders* excluding the expert witness testimonies, Rule 60 is the proper procedural mechanism.

Under Rule 60(b), a district court may relieve a party or its legal representative from an order due to, *inter alia*, mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. However, "[w]hile Rule 60(b)(1) allows relief for mistake, inadvertence ... or excusable neglect, these terms are not wholly open-ended. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (internal citations omitted). "In fact, a court would abuse its discretion if it were

to [grant a motion] under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or *misapprehension of the law or the applicable rules of court.*" *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (emphasis added).

## III.   ANALYSIS

### A.   Defendant's Motion to Amend or Alter Is Denied

Defendant asks the Court for relief from its orders excluding the expert witness testimonies of John Crawford and Ed Gardiner because "[d]ue purely to inadvertence and mistake, undersigned counsel for [Defendant] failed to timely file an opposition to the Motion[s] within the time periods prescribed by the specific Middle District of Louisiana local rules." (*See* Doc. 76-1 at p. 2). Defendant "respectfully submits that the Court can use it[s] broad discretion to vacate the Order granting the Motion in Limine regarding Crawford [R.Doc 71] and Gardiner [R.Doc. 73], set the matter for hearing with or without oral argument within the same timelines and hearing schedule as the other pending motions, and be able to make a decision on the merits of the motions and oppositions." (*See* Doc. 76-1 at p. 4). Finally, it argues that its failure to timely file oppositions to Plaintiff's motions is "the type of mistake that Rule[ ] 59e and Rule 60 are intended to correct." (*See id.*).

Defendant's arguments and request are squarely foreclosed by U.S. Court of Appeals for the Fifth Circuit precedent. The caselaw is clear. "Ignorance of the rules is not enough, nor is ignorance of the law" enough, to warrant Rule 60 relief. *Pryor*, 769 F.2d at 287. *See also Martin v. Akzo Nobel Polymer Chemicals, LLC*, 180 F. App'x

519, 521 (5th Cir. 2006) ("Martin's ignorance of local rules or misconstruction of their applicability does not constitute excusable neglect under Rule 60(b)(1).").

Moreover, contrary to Defendant's submission, the Court *cannot* use its broad discretion to vacate its orders in this instance. In fact, it would be an *abuse* of the Court's discretion to do so, because the sole reason justifying relief is Counsel's failure to abide by the Court's Local Rules. *See Edward H. Bohlin Co.*, 6 F.3d at 357. Accordingly, Defendant's Motion to Amend or Alter is denied.

### B. The Parties' Joint Supplemental Motion to Alter or Amend Judgments Is Granted

However, the Parties' Joint Supplemental Motion will be granted. In their Motion, the Parties request that the Court amend its orders excluding the testimony and/or reports of John Crawford, Ed Gardiner, Musso Plumbing, Ducote Consulting, Henry Labrie, and Susan Lewis to clarify that the motions were granted on procedural grounds only. Under Rule 60(a), the Court may correct an omission in an order on motion or on its own. *See* Fed. R. Civ. P. 60(a). Here, because the Parties' motions to exclude the expert witnesses were unopposed, the Court granted the motions as a matter of procedure. Absent oppositional argument, the Court was deprived of an opportunity to consider the qualifications or methodology of the experts themselves. Consequently, the Court will correct its orders excluding the experts to clarify this omission. To be clear, the basis of the Court's Orders to exclude the testimony of John Crawford, Ed Gardiner, Henry Labrie, and Susan Lewis rest solely on procedural deficiencies and not on the substantive expert qualifications of the proposed witnesses.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that **Defendant's Motion to Alter or Amend Judgment under Rule 59(e), or in the Alternative, for Relief under Rule 60 on the Issue of Ruling and Order (Doc. 71) Concerning Plaintiff's Motion to Exclude Testimony of John Crawford and Ed Gardiner (Doc. 73)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Parties' **Joint Supplemental Motion to Alter or Amend Judgments (Doc. 97)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's April 19, 2023 Orders (Docs. 68, 69, 70, 71, and 73) granting the Parties' Motions in Limine excluding the testimony of John Crawford, Ed Gardiner, Henry Labrie, and Susan Lewis and the expert reports of Musso Plumbing and Ducote Consulting be and are hereby **AMENDED** to reflect that the Motions were granted on procedural grounds *only*, and that the Court did not consider the substantive qualifications, methodology, analysis, or conclusions of any of the proposed expert witnesses or reports.

Baton Rouge, Louisiana, this ___31ˢᵗ___ day of May, 2023

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**